**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**KEITH E. SONDERLING & ELISABETH MESSENGER,**<br><br>  **Defendants.** | **Civil Action No. 26-2061 (JEB)** |

**ORDER**

Plaintiff American Federation of Labor and Congress of Industrial Organizations has moved for a stay of agency action under 5 U.S.C. § 705 or a preliminary injunction. See ECF No. 7 (Mot.) at 1. The Court must deny both requests unless Plaintiff shows that it would suffer irreparable harm without preliminary relief. Alpine Sec. Corp. v. Fin. Indus. Regul. Auth., 121 F.4th 1314, 1336 (D.C. Cir. 2024); 5 U.S.C. § 705 (authorizing relief only "to the extent necessary to prevent irreparable injury"). As Plaintiff acknowledged at yesterday's hearing, it must show that it will suffer irreparable harm from the challenged rule's effective date, not from the costs of complying with the rule in general. As Plaintiff also conceded, the only injury that the effective date will inflict is the burden of later recoding payments that it enters using its current software.

Any injury that a movant faces — including a financial one — must be "great" to be irreparable. Clevinger v. Advoc. Holdings, Inc., 134 F.4th 1230, 1234 (D.C. Cir. 2025) (quotation marks omitted). Plaintiff bears a heavy evidentiary burden of proving that its injury

1

rises to that level.  Hanson v. District of Columbia, 120 F.4th 223, 244 (D.C. Cir. 2024); Olu-

Cole v. E.L. Haynes Pub. Charter Sch., 930 F.3d 519, 529 (D.C. Cir. 2019); Winter v. Nat. Res.

Def. Council, Inc., 555 U.S. 7, 24 (2008).  Here, Plaintiff has alleged mostly that later recoding

will be "time-consuming, inefficient, and potentially error prone."  ECF No. 7-2 (Mary Margaret

Prange Decl.), ¶ 30.  Plaintiff has not shown that it would cost a great amount or inflict any other

great harm.  What is more, it is not clear from Plaintiff's declaration and briefing that it would

have to do any recoding before the Court decides the merits.  See id., ¶ 29 (Plaintiff's

accountants would need to reconcile inaccurate entries "[a]t the end of the year" — that is, in

July 2027).  If that is right, then the Court could later vacate the challenged rule and so prevent

Plaintiff from ever suffering that purported harm — in which case Plaintiff could obtain full

redress at summary judgment, without needing preliminary relief in the meantime.  See

Buckingham Corp. v. Karp, 762 F.2d 257, 261 (2d Cir. 1985) ("The purpose of a preliminary

injunction is to protect the moving party from irreparable injury during the pendency of the

action."); 11A Wright & Miller's Federal Practice & Procedure § 2948.1 (3d ed. Apr. 2026

update) ("If a [judgment] on the merits can be [issued] before the injury would occur there is no

need for a preliminary injunction."); 5 U.S.C. § 705 (stay must be "necessary to prevent

irreparable injury").  For both these reasons, Plaintiff has not shown that the rule's effective date

will cause it to suffer harm that is great or certain — and thus irreparable.

2

For the foregoing reasons, the Court ORDERS that Plaintiff's [7] Motion for Preliminary Injunction is DENIED.  The Court will issue a more extensive Opinion this week explaining its ruling in greater detail.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  June 30, 2026